UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| AGC FLAT GLASS NORTH AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:10-cv-129 |
| | ) *Collier / Lee* |
| INTERFLOAT CORPORATION | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff brought suit against Defendant in diversity, alleging (in the alternative) breach of contract, quantum meruit, and unjust enrichment[1] [Doc. 1]. Defendant did not answer the complaint, and Plaintiff filed a motion for default judgment [Doc. 14]. Upon the Court's finding that the complaint did not allege a "sum certain" as contemplated by Fed. R. Civ. P. 55(b)(1), this matter was referred for a hearing and determination of damages [Doc. 16]. An evidentiary hearing with respect to damages was duly noticed and held on February 28, 2011. Defendant failed to appear for the hearing, despite having been served with notice. Plaintiff's Corporate Credit Manager, Paul Garland, was the sole witness to testify. Based on Mr. Garland's credible testimony, I make the following findings of fact:

---

[1] Plaintiff seeks damages in default only on the basis of the breach of contract theory. At the hearing, Plaintiff declined to present proof to support its demand for attorney's fees, thereby waiving that particular element of its alleged damages. In addition, as discussed in the hearing, Plaintiff may file a bill of costs with the Clerk in order to recover the costs of this action. *See* 28 U.S.C. § 1920; E.D. Tenn. Local Rule 54.1.

1. Plaintiff supplied Defendant with solar glass pursuant to an invoice arrangement under which Defendant had 60 days to pay its balance for each order.

2. At the beginning of 2006, Defendant had a balance owing of $504,772.

3. Between 2006 and 2008, AGC supplied Defendant with glass and sent Defendant corresponding invoices of $61,149,727.

4. Against these amounts owing, Plaintiff credited Defendant's account for various amounts, including payments in the amount of $50,908,479 and other credits totaling $7,981,051.

5. Subtracting these credits from Defendant's balance, Defendant owes Plaintiff the principal amount of $2,764,969.

6. The last of these credits, a payment of $63,893.73, was applied to Defendant's account on July 2, 2009. Consequently, the principal amount has been overdue since at least July 2, 2009.

7. Simple interest at ten percent (10%) of the principal amount is $757.53 per day. As of the date of the hearing, 606 days had elapsed since the principal amount became overdue.

Based on the foregoing findings, I **RECOMMEND**[2] that Plaintiff be awarded damages for Defendant's breach of contract in the following amounts:

1. The principal amount of $2,764,969,

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

This document contains hyperlinks to other documents. Such links are provided for the user's convenience only, and the Court does not guarantee their functionality or accuracy. Any link which directs the user to a document other than the document cited in the text will not supersede the textual citation. The Court does not endorse the content of, or any provider of, any document maintained by any other public or private organization.

2. Prejudgment interest in the amount of $757.53 per day from July 2, 2009, until the date judgment is entered against Defendant, *see* Tenn. Code Ann. § 47-14-123, and

3. Postjudgment interest in an amount to be fixed pursuant to 28 U.S.C. § 1961, *see Riddle v. Southern Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005).

                                              s/ *Susan K. Lee*
                                              SUSAN K. LEE
                                              UNITED STATES MAGISTRATE JUDGE